IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GAGANDEEP SINGH,

      Petitioner,

      v.                                    **No. 26-cv-00168 JB/JFR**

DORA CASTRO, MARISA FLORES,
and KRISTI NOEM,

      Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    **THIS MATTER** is before the Court on the 'Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241' ("Petition") filed by Petitioner Gagandeep Singh on January 27, 2026.  Doc. 2.  Respondents responded on February 14, 2026, Doc. 13, and Petitioner replied on February 16, 2026, Doc. 14.  For the reasons set forth below, the undersigned recommends that the Petition (Doc. 2) be **GRANTED IN PART** and that Petitioner be immediately released from detention.

**I.   RELEVANT FACTUAL BACKGROUND**

    Petitioner Gagandeep Singh is thirty-seven years old and a national and citizen of India.  Doc. 2 at 6 ¶ 21.  Petitioner arrived in the U.S. on or around March 25, 2023.  *Id.* at 7 ¶ 22.  Shortly after his arrival, Petitioner was arrested and placed in removal proceedings pursuant to 8 U.S.C. § 1229a.  But immigration officials released Petitioner on his own recognizance on March 23, 2023, such that he could remain in the United States while seeking asylum.  *Id.* at ¶ 23; *see also* Doc. 2-1 ('Order of Release on Recognizance').  "Since that time, he has followed the requirements of his release, including appearing at immigration check-ins and hearings, has

1

worked legally pursuant to an employment authorization, and has built a life for himself." Doc. 2 at 1.

On July 8, 2025, Immigration and Customs Enforcement ("ICE") "in coordination with" the Department of Justice issued 'Interim Guidance Regarding Detention Authority for Applicants for Admission' which declared that all noncitizens who entered the U.S. without inspection are to be deemed "applicants for admission" qualifying for mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Doc. 2 at 13-14 ¶¶ 45-46.

On December 28, 2025, Petitioner was arrested while driving his truck in Texas. *Id.* at 7 ¶ 24. No evidence indicates that Petitioner violated the conditions of his parole or that the government took any action to revoke his parole before or since he was taken into custody. Nevertheless, Respondents are purporting to detain Petition pursuant to 8 U.S.C. § 1225(b)(2). Doc. 2 at 1-2. At an unspecified date, Petitioner was moved to Otero County Processing Center in Chaparral, New Mexico, where he currently remains in custody. *Id.* at 7 ¶ 24.

## II.  <u>RELEVANT PROCEDURAL BACKGROUND</u>

Petitioner filed the present Petition on January 27, 2026. Doc. 2. Therein, Petitioner asserts two counts for relief. Count I alleges a violation of the Immigration and Nationality Act ("INA"), based on the argument that "[t]he mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility." Doc. 2 at 28 ¶ 92. *See generally id.* at 27-28 ¶¶ 91-93 (Count I). Count II alleges violations of the Due Process Clause of the Fifth Amendment. *See generally id.* at 28-29 ¶¶ 94-99 (Count II). Count II is premised on the purportedly erroneous detention of Petitioner under the mandatory provision in 8 U.SC. § 1225(b)(2), Doc. 2 at 28 ¶ 97, and

Respondents' revocation of Petitioner's release on recognizance without a pre-deprivation hearing, *id.* at 29 ¶ 99.

On January 29, 2026, the Court issued an 'Order Directing Clerk to Serve Respondents and for Respondents to Show Cause,' requiring Respondents to respond within five days of receipt of service.  Doc. 5.  On January 30, 2026, the Clerk of the Court provided notice of the completion of electronic service, in accordance with the Standing Order, filed January 28, 2026, in 26-MC-00004-03.  Doc. 6.  After Respondents failed to answer, the Court issued an Order on February 9, 2026, requiring Respondents to file an answer within five days.  Doc. 11.

On February 14, 2026, Respondents filed "an abbreviated response in lieu of a formal responsive memorandum of law . . . ."  Doc. 13 at 1.  Petitioner replied on February 16, 2026.  Doc. 14.  Therein, Respondents "determined that the legal issues presented concern the statutory authority for ICE's detention of Petitioner under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a), whether Petitioner is entitled to a bond hearing, and whether Petitioner must first exhaust his administrative remedies before applying to this Court."  Doc. 13 at 1.  Respondents reference the "similar conclusion" reached in *Singh v. Noem*, No. CIV 25-1110, 2026 WL 146005 (D.N.M. Jan. 20, 2026) and "incorporate by reference" "all arguments raised in its response brief . . . ."  Doc. 13 at 2 & n.1.

### III. LEGAL STANDARD

The All Writs Act, as the name implies, provides federal courts with general authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."  28 U.S.C. § 1651(a) (emphasis added).  Available writs include, *inter alia*, mandamus, habeas corpus, certiorari, quo warranto, and prohibition—antiquatedly termed "prerogative writs."  *See generally Withrow v. Williams*, 507 U.S. 680, 716 (1993) (Scalia & Thomas, JJ., concurring in

part) ("In English law, habeas corpus was one of the so-called 'prerogative' writs, which included the writs of mandamus, certiorari, and prohibition." (citations omitted)).

Additionally, 28 U.S.C. § 2241(a) provides federal courts the jurisdiction to grant a writ of habeas corpus to "release from unlawful physical confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973), a petitioner demonstrating "by a preponderance of the evidence," *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (per curiam), the existence of one of the five circumstances enumerated in 28 U.S.C. § 2241(c).  Relevant here, a petition for a writ of habeas corpus raised pursuant to 28 U.S.C. § 2241(c)(3) seeks release from federal custody that is "in violation of the Constitution or laws or treaties of the United States . . . ."

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2).  This includes immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) ("[Noncitizen] Petitioners contend that they are being held in federal custody in violation of the laws of the United States. . . .  Section 2241, by its terms, requires nothing more."), *judgment entered*, No. 04A41, 2004 WL 7372970 (U.S. July 16, 2004).

## IV. <u>ANALYSIS</u>

Respondents, without approval of the Court or authorization under local rule, purported to incorporate by reference the briefing submitted under seal in a different case.  Specifically, Respondents reference the "similar conclusion" reached in *Singh v. Noem*, No. CIV 25-1110, 2026 WL 146005 (D.N.M. Jan. 20, 2026) and "incorporate by reference" "all arguments raised in its response brief . . . ."  Doc. 13 at 2 & n.1.

Although FED. R. CIV. P. 10(c) provides for adoption by reference in some circumstances, this Court has previously held that "referencing a pleading from a different case is impermissible, even if the two cases involve the same parties . . . ." *Macias v. New Mexico Dep't of Labor*, 300 F.R.D. 529, 562 (D.N.M. 2014) (Browning, J.); *see also Spirit Lake Tribe v. Jaeger*, 2019 WL 13299003, at *1 (D.N.D. June 17, 1999) ("allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference" (citing 5A Wright & Miller, Federal Practice and Procedure § 1326 (4th ed. 2018) (collecting cases prohibiting incorporating by reference pleadings from another case))). Likewise, it is not appropriate to incorporate by reference an entire prior brief, much less one filed under seal in a different case. In fact, Respondents failed to even attach the filing as an exhibit. *But cf. Chavez Armenta v. Noem*, No. 26-CV-00236, 2026 WL 274634, at *2 (D. Colo. Feb. 3, 2026) (where Respondents submitted a consolidated Answer to Petition, Respondents attached the opinion purportedly incorporated by reference as an exhibit). As such, the Court finds that Respondents' purportedly "incorporated" arguments to be insufficiently cursory, and "the Tenth Circuit said that arguments made in a cursory manner … are waived." *United States v. Martinez*, 542 F. Supp. 3d 1170, 1185 (D.N.M. 2021) (Browning, J.); *see also United States v. Gordon*, 710 F. 3d 1124, 1150 (10th Cir. 2013) ("the arguments are presented in a perfunctory and conclusory fashion, and we are rightly hesitant to definitively opine on such legally significant issues when they have received such cursory treatment").[1]

Even if Respondents' "incorporation" is not deemed insufficiently cursory, there exists other independent grounds for Petitioner's release. Specifically, Respondents entirely failed to

---

[1] Respondents also allude in a footnote to *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which they "also believe . . . is relevant . . . ." Doc. 13 at 2 n.1 Again, though, "arguments made in a cursory manner, such as a footnote, are waived." *Martinez*, at 542 F. Supp. 3d at 1185 (Browning, J.).

identify and/or respond to Petitioner's argument that immediate release is proper for the failure

to provide a deprivation hearing to revoke Petitioner's parole.[2]  In fact, the Respondents do not

even acknowledge in their response that Petitioner was granted parole.  Courts routinely deem an

issue "waived" when a party fails to respond to a movant's substantive argument.  *See, e.g.*, *Rock*

*Roofing, LLC v. Travelers Cas. & Sur. Co.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019) (plaintiff's

failure to respond to defendant's argument waived the issue); *Zane v. Kramer*, 195 F. Supp. 3d

1243, 1256 (W.D. Okla. 2016) (plaintiff waived claim where he did not respond to argument

raised in defendants' summary judgment motion); *Palmer v. Unified Gov't of Wyandotte Cty.*, 72

F. Supp. 2d 1237, 1250-51 (D. Kan. 1999) ("[T]he court deems plaintiff's failure to respond to an

argument raised in defendants' papers tantamount to an express abandonment of any such

---

[2] The Court finds important to reiterate the message set forth by the U.S. District Court for the Southern District of Indiana in *Fuentes Gomez v. Olsen*:

> No doubt, the bond eligibility issue has been the predominant basis for the hundreds of habeas challenges raised by ICE detainees in this and other federal courts in recent months.  This Court is sensitive to the reality that the government's attorneys face an ever-expanding workload with the same constraints on time, personnel, and energy that limit the courts.

> Nevertheless, the Court expects the government's attorney—who is a tenured and respected practitioner in this District—to move forward mindful of the following.  First, the federal government has chosen to make arrests at breakneck pace in the name of immigration enforcement.  The government and its lawyers have also embraced the newfound legal position that every alien arrested inside the United States without a visa is subject to compulsory detention without the possibility of bond or other relief.  While the Court is sympathetic to the challenges the government's attorneys face, it is reasonable and appropriate for the Court to expect the same level of responsiveness in this litigation, despite its volume and pace, as in any other.

> Second, as with all case types, non-responsiveness is unacceptable.  Each time the Court must write such a decision, it delays the time when it will reach the next ripe case.  During that time, the petitioner—and every other petitioner with a meritorious claim—remains in jail without legal justification.  The government is not obligated to defend against every petition.  If it cannot or will not defend against the arguments raised by the petitioner, the government should clearly and promptly notify the Court that it does not oppose the petition, it has afforded the relief that has been requested, and the case is moot.  If that approach is not strictly required by the law, it certainly called for by basic notions of professional courtesy.

> Again, the Court declines at this stage to treat the government's failure to meaningfully respond to this petition as an act of bad faith.  The government should not, however, conclude that its approach in this case is acceptable or that it should be repeated.

No. 26-CV-00021, 2026 WL 413371, at *3 (S.D. Ind. Feb. 13, 2026).

claim."). This alone constitute grounds to grant Petitioner's immediate release. *Cf. Garcia-Henriquez v. Larose*, No. 26-CV-00249, 2026 WL 323328, at *1 (S.D. Cal. Feb. 6, 2026) (granting immediate release where respondents failed to respond to Petitioner's argument); *Fuentes Gomez v. Olsen*, No. 26-CV-00021, 2026 WL 413371, at *1 (S.D. Ind. Feb. 13, 2026) (same); *Diego L. v. Bondi*, No. 26-cv-382, 2026 WL 145206, at *1 (D. Minn. Jan. 20, 2026) (same); *F.B. v. Noem*, No. CV-25-04271, 2025 WL 3628652, at *2 (D. Ariz. Dec. 4, 2025) (same).

## V.  RECOMMENDATIONS

Petitioner seeks a writ of habeas corpus compelling the government to release him from detention. *See generally* Doc. 2.  Respondents have not answered Petitioner's argument that he was arrested while on parole and therefore his detention violates the Constitution. *Compare id.*, *with* Doc. 13.  The government therefore has waived any defense to the issue, and Petitioner's Petition (Doc. 2) should be **GRANTED IN PART**, in the form of immediate release.  As such., the Petition (Doc. 2) should otherwise be **DENIED AS MOOT**.

As a practical matter, in addition to ordering Petitioner's immediate release, the undersigned further recommends ordering Respondents to file a notice of compliance confirming Petitioner's release within three (3) days.

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**