**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GAGANDEEP SINGH,

       Petitioner,

v.                                          No. CIV 26-0168 JB/JFR

DORA CASTRO, MARISA FLORES,
and KRISTI NOEM,

       Respondents.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      **THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 19, 2026 (Doc. 15) ("PFRD"). The PFRD notifies the parties of their ability to file objections within fourteen days and that failure to file an objection waives appellate review. See PFRD at 7. Neither party files any objections, and there is nothing in the record indicating that the PFRD is not delivered. The Court concludes that the PFRD which the Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, wrote is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and the Court therefore adopts the PFRD. Accordingly, the Court grants the Petition in part.

**LAW REGARDING OBJECTIONS TO THE PFRD**

      District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See FED. R. CIV. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of

confinement."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel") (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-639], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"   One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).   "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."   One Parcel, 73 F.3d at 1060.   In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."   Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).   See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").   In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a plaintiff] had waived argument by failing to raise it before the magistrate."   Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"   One Parcel, 73 F.3d at 1060 (quoting

---

[1] Pevehouse v. Scibana is an unpublished Tenth Circuit opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).   In One Parcel, the Tenth Circuit notes that the district judge decides sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit holds that it deems the issues waived on appeal, because such actions advance the interests underlying the waiver rule.   See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elect to address merits despite potential application of waiver rule, but Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980) ("Raddatz").   The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."   In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   The Supreme Court of the United States notes that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court may rely on the Magistrate Judge's PFRD.   See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).   See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993) (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is

consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'") (quoting 28 U.S.C. § 636(b)(1) (emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., but not in 28 U.S.C. § 636(b)(1)).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of course, in the past and in the interests of justice, the Magistrate Judge's recommendations. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

The Court has reviewed carefully the PFRD. The Court does not review the PFRD de novo, because the parties have not objected to it, but rather reviews Magistrate Judge Robbenhaar's PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court adopts the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 19, 2026 (Doc. 15), is adopted; (ii) the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed January 27, 2026 ("Petition")(Doc. 2), is granted in

part; (iii) the Petitioner shall be immediately released from detention; (iv) the Petition is otherwise denied; (v) no later than three days of entry of this Order, the Respondents shall file notice of their compliance; (vi) the Plaintiff's *Motion to Shorten Objection Period Under FED R. CIV. P. 72(b)(2)*, filed February 20, 2026 (Doc. 16), is denied as moot; and (vii) a Final Judgment is entered concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Jenkins
Richmond, Virginia

    *Attorney for the Petitioner*

Christina Muscarella Gooch
Sutin, Thayer & Browne
Albuquerque, New Mexico

    *Attorneys for Defendant Dora Castro*

Allison Shokes
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for Defendants Marisa Flores and Kristi Noem*